[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties are engaged in a protracted pleading contest in this case. The pleadings are still not closed although the case was returnable in September 2001 and the court file is already four inches thick. The latest chapter involves this motion to strike, on eleven different grounds, various counts of the plaintiff's most recent amended complaint comprising fourteen counts. Mercifully, the parties reached agreement on several of the grounds. The court makes the following rulings.
1. The motion to strike all of the counts of the complaint on the ground of misjoinder of causes of action is denied. The plaintiff is entitled to combine legal and equitable remedies and to combine counts involving the plaintiff as an individual and as a trustee. All of the counts arise out of the same set of facts. It would be wasteful and confusing to have some of these claims brought in separate suits. They would all be consolidated for trial in any event.
2. The parties have agreed that no ruling is necessary on the motion to strike the second and third counts.
3. The motion to strike the fifth, seventh and eighth counts on the grounds of absence of an allegedly necessary party is denied. It is not clear that the presence of the trustee is necessary for relief to be granted. The plaintiff is entitled to plead her case in her own way. The plaintiff runs the risk that relief can not be granted if the facts adduced at trial do not support the relief requested because of the absence of a necessary party.
4. The motion to strike the seventh count on the grounds of failing to allege the necessary elements of a resulting trust is granted. The facts as alleged do not support a cause of action for a resulting trust.
5. The parties have agreed that no ruling is necessary on the motion to strike the seventh and eighth counts on the grounds of misjoinder of CT Page 2694 parties.
6. The parties have agreed that no ruling is necessary on the motion to strike the eighth, ninth, and tenth counts as legally insufficient because restitution is claimed where an express contract has also been pleaded.
7. The motion to strike the eighth count for failure to allege the elements of a constructive trust is granted. The facts alleged do not support a cause of action for a constructive trust.
8. The motion to strike the tenth count for the failure to allege facts to support a claim for quantum meruit is denied.
9. The motion to strike the eleventh and twelfth counts for failure to comply with Practice Book Section 17-56 (b) is denied. Under the particular facts of this case the notice provided for in Section 17-56 (b) is unnecessary.
10. The parties have agreed that no ruling is necessary on the motion to strike the fourteenth count.
 11.
A) The motion to strike the prayer for relief requesting attorney fees is denied.
B) The motion to strike the prayer for relief requesting specific performance is denied.
C) The parties have agreed that no ruling is necessary on the motion to strike prayer for relief #8.
D) The parties have agreed that no ruling is necessary on the trustees' prayers for relief numbers 2 and 3.
Pickard, J. CT Page 2695